IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MEMORIAL HERMAN HOSPITAL SYSTEM, § § § *Plaintiff,* § § v. § § MICHAEL BOUTON, M.D., § § *Defendants.* § | CIVIL ACTION NO. 4:10-CV-1161 |

**PLAINTIFF MEMORIAL HERMAN HOSPITAL SYSTEM'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW PLAINTIFF **Memorial Herman Hospital System** ("MHHS") and files its Original Complaint against Defendant **Michael Bouton, M.D.** ("Defendant" or "Bouton") and would respectfully show the Court the following:

**I.
PARTIES**

1. Plaintiff Memorial Herman Hospital System is a Texas non-profit hospital with its principal place of business at 9301 Southwest Freeway, Suite 320, Houston, Texas 77074. Plaintiff may be served through its attorney of record, Fred Wahrlich, 700 Louisiana, Suite 4600, Houston, Texas 77002.

2. Defendant Michael Bouton, M.D., who during the initial term of the Agreement (as described below) was a resident of Houston, Texas, is now an individual and citizen of the State of North Dakota and may be served with process at 310 38th Avenue E, West Fargo, ND 58078 or at any other address where he may be found.

- 1 -

## II.
### JURISDICTION & VENUE

3. The Court has subject matter jurisdiction over the claims brought herein under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000, excluding interests and costs.

4. Venue is proper in the Houston Division of the Southern District of Texas under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the cause of action asserted herein took place in this district.

## III.
### BACKGROUND FACTS

5. MHHS is a not-for-profit healthcare system in Texas serving the greater Houston community through eleven hospitals, a vast network of affiliated physicians, and numerous specialty programs and services. Defendant Bouton is a physician licensed to practice medicine in the State of Texas.

6. Recognizing a need for general surgery services in the Memorial City area, on or about January 22, 2007, MHHS entered into a Guaranteed Billings Recruitment Agreement with Defendant Bouton to establish a general surgery practice in the Memorial City area (the "Agreement")(attached here to as **Exhibit A**). In exchange for providing quality general surgery services to the indigent and patients enrolled in government-sponsored medical care programs such as Medicare and/or Medicaid in the Memorial City area for a period of approximately three years (March 1, 2007 through February 28, 2010), Defendant was guaranteed a minimum of $46,400.00 in billings per month (minus contractually identified adjustments) for the period beginning the first day of March 2007 and ending the last day of February 2008. Additionally, Section 1.1.4 of the Agreement provided Bouton with an advance of $27,000.00 for office startup costs and a signing

bonus of $10,000.00. All sums were to be retained without repayment by Bouton if he fulfilled his obligations under the Agreement.

7.     Pursuant to the Agreement and subject to Defendant's complete performance of all his responsibilities and obligations under the Agreement, both to MHHS and to members of the community, Defendant would not have to repay to MHHS the sums correctly advanced and/or paid by MHHS to Defendant.

8.     Also pursuant to the Agreement, in the event that Defendant breached the Agreement or failed to provide services to the community during the full term of the Agreement, all amounts, advances and sums paid to Defendant would be treated as loans and would be repaid by Defendant to MHHS upon demand, with interest at the rate designated by JP Morgan Chase Bank, N.A. as its prime or base rate plus one percent, from the date the sum was received by Defendant until payment by Defendant was made to MHHS.

9.     On or about April 21, 2008, Defendant notified MHHS that, effective May 31, 2008, he was resigning his privileges at Memorial Hermann Memorial City Medical Center and that the last day he would be available to take calls would May 3, 2008 (the "April 21 Letter").

10.    On or about April 22, 2008, MHHS received the April 21 Letter, indicating Defendant's intention to breach the Agreement by closing his practice and refusing to take calls. Thereafter, Defendant left Houston and set up a practice in North Dakota. In response, MHHS sent a demand letter requesting that Defendant remit all amounts owed to MHHS under the Agreement. *See* Plaintiff's Demand Letter to Bouton, attached hereto as **Exhibit B**. In addition to attorneys' fees, MHHS demanded that the following amounts be paid in accordance with Sections 1.1.5 and 3.2.7 of the Agreement:

| ITEM | AMOUNT |
|---|---:|
| Execution of Agreement | $10,000.00 |
| Expenses to Establish Medical Office | $27,000.00 |
| Guaranteed Billings Paid | $484,476.00 |
| Interest at 6% from date Monies Received until May 31, 2008 | $23,324.77 |
| **TOTAL:** | **$544,800.77** |

11.  Despite MHHS' numerous attempts to settle this dispute without involving the Courts, Defendant has refused to pay the amounts owed to MHHS resulting from his breach of the Agreement.  Accordingly, MHHS has been forced to bring this suit to collect amounts due and owing.

## IV.
## CONDITIONS PRECEDENT

12.  All conditions precedent to the filing of this suit have been performed by Plaintiff or have occurred.

## V.
## CAUSES OF ACTION

### *Breach of Contract*

13.  On January 22, 2007, the Parties to this suit agreed to and executed the Agreement, by which Defendant agreed to establish a general surgery practice in the Memorial City area by March 1, 2007 and maintain that practice through February 28, 2010.  MHHS has since performed, tendered performance, and/or been excused from performing all its obligations under the Agreement.  Defendant materially breached the Agreement by notifying MHHS via the April 21 Letter of his intent to close his medical practice/office and subsequently effecting his intent.

14.  As a result of Defendant's breach of the Agreement, MHHS is entitled to reimbursement of all sums it paid to Defendant plus interest.  MHHS made demand for the return of

these sums, and Defendant has failed and refused to repay them.  Thus, Plaintiff has sustained damages for which it now seeks recovery.

## VI.
## ATTORNEYS' FEES

15. In order to prosecute its claim, it has become necessary for MHHS to employ the undersigned attorney.  Defendant is liable to Plaintiff for reasonable expenses incurred in this action, including, without limitation, court costs, expenses, and reasonable attorneys' fees pursuant to Section 38.0001(8) of the Texas Civil Practice & Remedy Code and Section XIV of the Agreement.

## VII.
## PRAYER

16. Plaintiff Memorial Hermann Hospital System requests that Defendant Michael Bouton, M.D. be cited to appear and answer, and upon final trial, Plaintiff be awarded the following:

(i) Judgment against Defendant for MHHS' actual damages pursuant to the Agreement;

(ii) Reasonable and necessary attorneys' fees and costs;

(iii) Pre- and post-judgment interest and costs of court; and

(iv) Such other and further relief, either at law or in equity, as this Court may deem just and proper.

DATED:  April 9, 2010.                                 Respectfully submitted,

By: */s/ Fred Wahrlich*
    Fred Wahrlich
    Texas Bar No. 20666500
    SD No. 248
    700 Louisiana, Suite 4600
    Houston, Texas  77002
    Tel:  713.222.1470
    Fax: 713.222.1475

**ATTORNEY IN CHARGE FOR PLAINTIFF**

- 6 -

**OF COUNSEL:**

Michael A. Harvey
Texas Bar No. 24058352
SD No. 917759
**Munsch Hardt Kopf & Harr, P.C.**
700 Louisiana, Suite 4600
Houston, Texas 77002
Tel: 713-222-1470
Fax: 713-222-1475
www.munsch.com

MHDocs 2566355_2 7835.211