IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEMORIAL HERMANN HOSPITAL SYSTEM, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:10-CV-1161 |
| MICHAEL BOUTON, M.D., | § § § | |
| *Defendant*. | § | |

## AGREED JUDGMENT

Plaintiff Memorial Hermann Hospital System ("Plaintiff") has asserted certain causes of action against Defendant Michael Bouton, M.D. ("Defendant") and Defendant has filed his counterclaims against Plaintiff.

Plaintiff and Defendant have reached a mutually acceptable resolution of their claims and counterclaims, and have jointly agreed to the entry of this Judgment that will not be abstracted until or unless an Event of Default occurs as described in the Settlement Agreement and Release attached hereto and incorporated herein by reference for all purposes.

Accordingly, it is ORDERED, ADJUDGED and DECREED that:

1. Judgment is entered in favor of Plaintiff on their claims in the amount of $641,566.32, plus post judgment interest at the rate of five percent (5%) per annum until paid in full.

2. All counterclaims asserted against Plaintiff by Defendant are hereby dismissed with prejudice and on the merits.

3. All costs of Court are taxed against the party incurring same.

4. All writs, orders for execution, and processes for the enforcement and collection of this Agreed Judgment may issue as necessary.

- 1 -

5. This Court retains jurisdiction to enforce this Agreed Judgment.

6. The Court denies all relief not granted in this Agreed Judgment. This is a final Judgment and disposes of all parties and causes of action, and is appealable.

SIGNED on this 8th day of March, 20___.

THE HONORABLE KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM AND SUBSTANCE

_____  Date: 2/22/11
**MICHAEL BOUTON, M.D.**

**FAUBUS & SCARBOROUGH, LLP**

By: _____  Date: 2/28/11
**Harry L. Scarborough**
Faubus & Scarborough, LLP
1010 Lamar, Suite 1020
Houston, TX 77002
713 222-6400 (Telephone)
**ATTORNEYS FOR DEFENDANT**

**MUNSCH, HARDT, KOPF & HARR PC**

By: _____  Date: 2/28/11
**Fred Wahrlich**
Texas Bar No. 20666500
700 Louisiana, Suite 4600
Houston, Texas 77002
713 222-1469 (Telephone)
**ATTORNEYS FOR PLAINTIFF**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MEMORIAL HERMANN HOSPITAL SYSTEM, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:10-CV-1161 |
| MICHAEL BOUTON, M.D., | § § § | |
| *Defendant.* | § | |

## SETTLEMENT AGREEMENT AND RELEASE

Memorial Hermann Hospital System ("MHHS") and Michael Bouton, M.D. ("Bouton"), hereby enter into this Settlement Agreement and Release (the "Agreement"), dated effective as of December 20, 2010 (the "Effective Date"). MHHS and Bouton are sometimes collectively referred to in this Agreement as the "Parties" and individually as a "Party".

**WHEREAS**, Civil Action No. 4:10-CV-1161 is pending in the United States District Court for the Southern District of Texas (the "Court") and styled *Memorial Hermann Hospital System v. Michael Bouton, M.D.* (hereinafter referred to as the "Lawsuit"); and

**WHEREAS**, the Parties, wishing to avoid incurring further costs, attorneys' fees, litigation, and expense, now enter into this Agreement with the express intent to compromise and settle any and all past disputes and claims, known or unknown, that have been asserted or that could be asserted from any relationship between the Parties on or prior to the Execution Date (defined below) of this Agreement.

**NOW, THEREFORE**, in consideration of the promises and the mutual covenants set forth herein, the Parties agree as follows:

1. **Nature of Agreement.** In exchange for Bouton paying MHHS, at MHHS' address listed in Section 11 below, (i) one lump sum payment of $50,000 (U.S.) by December 20, 2010, and (ii) $150,000 (U.S.) in forty-eight (48) monthly installments of principal and interest at five percent (5%) per annum equal to $3,454.39, beginning January 20, 2011 and continuing on the twentieth (20th) day (the "Due Date") of each and every calendar month thereafter, through and including December 20, 2014 (the "Maturity Date"), when the entire unpaid principal balance of such amount and all accrued and unpaid interest thereon together with all other sums as provided hereunder shall be due and payable to MHHS, or upon the earlier maturity hereof, whether by acceleration or otherwise, all of which shall be secured by the Agreed Judgment (defined in Paragraph 4 below), MHHS agrees to release Bouton from any and all claims MHHS currently has or ever had against Bouton arising from any relationship between the Parties on or prior to the Execution Date of this Agreement. In addition, MHHS agrees that so long as Bouton does not Breach this Agreement (as defined in Paragraph 5 below), MHHS agrees not to execute on the Agreed Judgment (defined in Paragraph 4 below). All or any part of the principal sums due under this Paragraph 1, and any accrued but unpaid interest thereon, may be prepaid at any time without penalty. All payments made pursuant to this Agreement shall be applied by MHHS first to accrued and unpaid interest and any other amounts due hereunder, and then to any principal amount then outstanding. As used herein, the term "Execution Date" shall mean the later of the two (2) dates that the Parties sign this Agreement in their respective signature lines hereinbelow.

Notwithstanding anything to the contrary contained in this Agreement, in the event of Michael Bouton M.D.'s death, all principal and accrued but unpaid interest due MHHS pursuant

Initials: *MB* *KA*

to this Paragraph 1 shall become due and payable to MHHS within sixty (60) days of the date of his death.

2. **MHHS Release of Bouton.** Except for Bouton's **obligations under this Agreement (including, without limitation, the payment obligations under Paragraph 1 hereinabove) and the Agreed Judgment,** in consideration of Bouton's complete and timely payment of the funds described in Paragraph 1 above (time being of the essence), MHHS hereby knowingly and with the advice of counsel, irrevocably and unconditionally ACQUITS, RELEASES, AND FOREVER DISCHARGES Bouton from any and all actions, causes of actions, suits, debts, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, and expenses (including attorneys' fees and other costs actually incurred), of any nature whatsoever, in law or in equity, which MHHS now has or ever had, whether known or unknown, against Bouton arising from any relationship between the Parties on or prior to the Execution Date (collectively referred to as the "MHHS Released Claims"). The Parties intend for this release and the MHHS Released Claims to be construed as broadly as possible to cover all claims, known or unknown, that MHHS has or ever had, whether known or unknown, as of the Execution Date against Bouton.

3. **Bouton's Release of MHHS.** In addition to Bouton's payment of the funds described in Paragraph 1 above and as additional consideration for the release provided by MHHS in Paragraph 2 above, Bouton hereby knowingly and with the advice of counsel, irrevocably and unconditionally ACQUITS, RELEASES, AND FOREVER DISCHARGES MHHS, its agents, servants, attorneys, employees, officers, directors, shareholders, predecessors, trustees, successors, assigns, insurers, parent corporations, and all affiliated entities and parties (collectively referred to herein as the "MHHS Released Parties") from any and all actions, causes

Initials: MB KA

of actions, suits, debts, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever, in law or in equity, which Bouton now has or ever had, whether known or unknown, against the MHHS Released Parties arising from any relationship between Bouton and the MHHS Released Parties on or prior to the Execution Date of this Agreement (collectively referred to as the "Bouton Released Claims"). The Parties intend for this release and the Bouton Released Claims to be construed as broadly as possible to cover all claims, known or unknown, that Bouton has or ever had, whether known or unknown, as of the Execution Date of this Agreement against the MHHS Released Parties.

4. **Agreed Judgment.** The obligations of Bouton under this Agreement are secured by an Agreed Judgment in the amount of $641,566.32 in favor of MHHS, a copy of which is attached hereto as Exhibit A and incorporated herein by this reference (the "Agreed Judgment"). MHHS hereby agrees that it will not abstract or execute on the Agreed Judgment unless Bouton Breaches this Agreement (as defined in Paragraph 5 below). Upon full payment of all amounts due from Bouton to MHHS pursuant to Paragraph 1, MHHS shall release the Agreed Judgment.

5. **"Breach" or "Breaches" of this Agreement.** The term "Breach" or "Breaches" is intended to be construed as broadly as possible under Texas law. In addition, the Parties agree the term Breach(es) shall include, but shall not be limited to, the following circumstances:

    (a) Failure by Bouton to timely pay MHHS any payment obligation due under this Agreement when due, and such failure continues for fourteen (14) days following written notice from MHHS;

Initials: _AB_ _KA_

(b) Failure by Bouton to comply with any term, condition, or covenant of the Agreed Judgment or this Agreement, other than a Breach under Paragraph 5(a) hereinabove;

(c) Breach of any representation or warranty made by Bouton under Paragraph 6 herein below;

(d) Bouton becomes insolvent, makes an assignment for the benefit of creditors or anyone else, performs any act of bankruptcy or if any case under any provision of the bankruptcy laws or insolvency, reorganization, moratorium, or other similar law of any jurisdiction shall be commenced by or against Bouton; or

(e) A receiver is appointed for all or a material portion of the assets of Bouton and the same shall not have been discharged within thirty (30) days.

Upon the occurrence of a Breach, MHHS shall have the immediate right, at the sole discretion of MHHS and without notice, demand, presentment, notice of nonpayment or nonperformance, protest, notice of protest or any other notice or any other action, all of which Bouton hereby expressly waives and relinquishes: (i) to declare the entire unpaid balance of the indebtedness evidenced by this Agreement (including, without limitation, the outstanding principal balance hereof and all accrued but unpaid interest hereon) at once immediately due and payable (and upon such declaration, the same shall be at once immediately due and payable); and (ii) to exercise any of MHHS' other rights, powers, recourses, and remedies available under this Agreement, at law, or in equity. Any principal amount due hereunder that is not paid when due shall bear interest until paid at a rate of five percent (5%) per annum.

Initials: _MB_ _KA_

6. **Representations and Warranties.** In consideration for the agreements contained herein, the Parties expressly warrant and represent to the other that:

(a) They have carefully read and fully understand all of the provisions and effects of this Agreement and the Agreed Judgment, and have sufficiently discussed all aspects of this Agreement and the Agreed Judgment with their highly competent respective attorneys of record;

(b) They are voluntarily entering into this Agreement and the Agreed Judgment and have relied solely and completely upon their own judgment, the promises made herein and therein, and the advice of their respective attorneys of record in deciding to enter into this Agreement and the Agreed Judgment;

(c) They are the proper parties to this Agreement and the Agreed Judgment and fully authorized to enter into this Agreement and Agreed Judgment;

(d) They fully intend to be bound by this Agreement and the Agreed Judgment and comply with each and every term of this Agreement and the Agreed Judgment;

(e) No claims, causes of actions, suits, debts, charges, complaints, liabilities, obligations, promises, agreements, controversies, damages, or expenses covered by or arising from (i) this Agreement, (ii) the Agreed Judgment or (iii) any relationship between Bouton and MHHS have been assigned, transferred, pledged, sold, or otherwise disposed of at any time other than as provided in this Agreement or the Agreed Judgment;

(f) The Parties to this Agreement are the sole parties entitled to resolve any and all disputes between the Parties and no other party, individual or entity has any rights or obligations to make claim, suit, charge, complaint or allege any cause of action against any Party to this Agreement as such claim, suit, charge, complaint or cause of action may at any time arise from or out of any relationship between Bouton and MHHS; and

(g) No other representations have been made concerning the terms or effects of this Agreement or the Agreed Judgment, other than those expressly contained herein or therein.

7. **Choice of Law and Construction.** This Agreement and the Agreed Judgment are made and entered into in the State of Texas, and shall in all respects be interpreted, enforced, and governed under the laws of the State of Texas. The language of all parts of this Agreement and the Agreed Judgment shall in all cases be construed as a whole, according to their fair meaning, and not strictly for or against any of the Parties. The Parties expressly acknowledge

Initials: _MB_ _KA_

and agree that this Agreement and the Agreed Judgment are the result of negotiations between them, that each Party has participated in the preparation of this Agreement and the Agreed Judgment, with advice from their respective counsel, and accordingly that this Agreement and the Agreed Judgment shall not be interpreted against any Party.

8. **Mandatory and Exclusive Venue**. The District Court for the Southern District of Texas in Harris County, Texas that has jurisdiction for the Lawsuit shall retain Jurisdiction to enforce this Agreement, the Agreed Judgment, and for any and all disputes arising out of or because of this Agreement and/or the Agreed Judgment, to the exclusion of all other venues and jurisdictions.

9. **Severability**. Should any provision of this Agreement or the Agreed Judgment be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement or the Agreed Judgment, as applicable, if the essential terms and conditions of this Agreement or the Agreed Judgment, as applicable, for both Parties remain valid, legal, and enforceable. Without limiting the previous sentence, the Parties acknowledge, stipulate, and agree that the provisions of Paragraphs 1, 2, and 3 of this Agreement constitute essential elements of the agreed exchange that is the subject matter of this Agreement. Accordingly, if any of Paragraphs 1, 2, or 3 is determined to be invalid, illegal, or unenforceable in any material respect, the remainder of this Agreement shall not be enforceable against either of the Parties. The specific enumeration of the provisions listed herein does not mean or imply that no other provision of this Agreement constitutes an essential element of the agreed exchange that is the subject matter of this Agreement. Notwithstanding anything in this Agreement to the contrary, the Parties acknowledge and agree that if this

Initials: _MB_  _VA_

Agreement is determined to be unenforceable for any reason, the unenforceability of this Agreement shall have no affect whatsoever on the enforceability of the Agreed Judgment by MHHS against Bouton and the Agreed Judgment is and shall remain in full force and effect notwithstanding any such determination regarding this Agreement, and MHHS may, but shall not be obligated to, abstract the Agreed Judgment at any time following a claim or determination that this Agreement is unenforceable.

10. **Entire Agreement and Merger Clause.** By signing this Agreement, the Parties agree that: (a) this Agreement together with the Agreed Judgment is the entire agreement between the Parties with respect to the subject matter covered herein and therein and supersedes all other prior agreements or understandings of the Parties with respect to the subject matter herein and therein; (b) no other collateral agreement, either oral or written, exists between the Parties that in any manner relates to the subject matter of this Agreement or the Agreed Judgment and that this Agreement together with the Agreed Judgment supersedes and replaces all other prior oral or written agreements between the Parties with respect to the facts and circumstances made the basis of the Lawsuit; (c) no inducements or promises, oral or otherwise, have been made by any Party, or anyone acting on behalf of any Party, that are not embodied in this Agreement and the Agreed Judgment; and (d) no amendment or other modification shall be effective unless made in writing and signed by all Parties in one complete document.

11. **Addresses.** All notices, requests, and other communications to any Party hereunder shall be in writing (including facsimile transmission or e-mail) and shall be given by (a) courier service guaranteeing either same day or next business day delivery, (b) United States overnight express mail, return receipt requested, (c) facsimile transmission, or (d) electronic transmission (E-Mail). All such notices, requests, and communications hereunder shall be

Initials: _MB_ _KA_

delivered to the respective Parties at the addresses below and the Parties shall use the following addresses until such time as the Party provides a different address as provided herein.

**If to MHHS:**

Memorial Hermann Memorial City Medical Center
921 Gessner
Houston, Texas 77024
Attn: Lisa Kendler, CFO
Fax No. 713.242.4096
Email: Lisa.Kendler@memorialhermann.org

**With Copy to:**

Memorial Hermann Hospital System
929 Gessner, Suite 2650
Houston, Texas 77024
Attn: David A. Springhetti, Chief Counsel of Business Affairs
Fax: 713-448-4030
Email: David.Springhetti@memorialhermann.org

**If to Bouton:**
Dr. Michael Bouton
310 38th Avenue E
West Fargo, ND 58078

**With Copy to:**

Harry L. Scarborough
Faubus & Scarborough LLP
1010 Lamar, Suite 1020
Houston, TX 77002
Fax No. 713.222.7240
Email: harry@fscounsel.com

12. **No Waiver.** The failure of any Party hereto to exercise any right, power, or remedy provided under this Agreement or otherwise available in respect hereof at law or in equity, or to insist upon compliance by any other Party hereto with its obligations hereunder, and any custom or practice of the Parties at variance with the terms hereof, shall not constitute a

Initials: _MB_ _KA_

waiver by such Party of its right to exercise any such or other right, power, or remedy or to demand such compliance.

13. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

14. **Section Headings.** The section headings contained in this Agreement are inserted for convenience of reference only and shall not affect the meaning or interpretation of this Agreement.

15. **Counterparts.** This Agreement may be executed in any number of counterparts and each of the counterparts shall for all purposes be deemed to be an original.

[SIGNATURE PAGES FOLLOW]

This Agreement is executed by the Parties on the respective dates described below, but shall be effective for all purposes as of the Effective Date.

**MHHS:**

**MEMORIAL HERMANN HOSPITAL SYSTEM**

By: *Keith Alexander*      Date: 3/2/11
Name: Keith Alexander
Title: CEO

Munsch Hardt Kopf & Harr, P.C. Legal Stamp

Initials: MB KA

## VERIFICATION

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared _Keith Alexander_, known by me to be the person whose name is subscribed to the foregoing instrument, and who acknowledged to me that he or she executed the same for and on behalf of Memorial Hermann Hospital System for the purposes and considerations therein expressed.

SUBSCRIBED TO and SWORN TO before me this 2nd day of February 2011.

_Barbara Ellis_
Notary Public in and for
The State of T E X A S



BARBARA ELLIS
MY COMMISSION EXPIRES
April 10, 2011

Initials: _NB_ _KA_

BOUTON:

By: _____/s/ Michael Bouton/_____      Date: 2/22/11
MICHAEL BOUTON, M.D.

## VERIFICATION

THE STATE OF __ND__        §
                           §
COUNTY OF __Cass__         §
                           §

BEFORE ME, the undersigned authority, on this day personally appeared Michael Bouton, M.D., known by me to be the person whose name is subscribed to the foregoing instrument, and who acknowledged to me that he executed the same on behalf of himself and for the purposes and considerations therein expressed.

SUBSCRIBED TO and SWORN TO before me this __23rd__ day of February, 2011.

_____/s/ Mary L. Lake/_____
Notary Public in and for
The State of __ND__

> MARY L. LAKE
> Notary Public State of North Dakota
> My Commission Expires Sept. 18, 2012

MHDocs 3096662_1 7835.211

Initials: MB KA